UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ZUFFA, LLC, doing business as
Ultimate Fighting Championship,

               Plaintiff,

        -v-                    3:24-CV-436

GREGORY JOSEPH, individually,
and as officer, director, shareholder,
principal, manager, and/or member
of Waverly Bowling Co. LLC, doing
business as Valley Bowling Center,
also known as Strike Shack Tiki Bar,
and WAVERLY BOWLING CO. LLC,
doing business as Valley Bowling
Center, also known as Strike Shack
Tiki Bar,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

LONSTEIN LAW OFFICE, P.C.      JULIE C. LONSTEIN, ESQ.
Attorneys for Plaintiff
190 S. Main Street
Ellenville, NY 12428

DAVID N. HURD
United States District Judge

## ORDER GRANTING DEFAULT JUDGMENT

    This is a copyright infringement case. Plaintiff Zuffa, LLC ("plaintiff"), a

Nevada limited liability company doing business as the Ultimate Fighting

Championship ("UFC"), owns the copyright to "UFC 289," the pay-per-view broadcast of a mixed martial arts fighting competition that occurred on June 10, 2023 (the "Broadcast").[1]

Plaintiff markets its content to bars, restaurants, and other commercial establishments throughout the country. Any commercial establishment that wants to publicly exhibit plaintiff's content—including the Broadcast—has to enter into a commercial licensing agreement with plaintiff.

According to plaintiff's complaint, defendant Gregory Joseph, the principal and owner/operator of Waverly Bowling Co., LLC, New York limited liability company doing business as the Strike Shack Tiki Bar in Waverly, New York, knowingly and willfully publicly exhibited the Broadcast without paying to plaintiff the commercial licensing fee in violation of the Communications Act (Counts I and II) and the Copyright Act (Count Three).

Plaintiff filed this civil action on March 28, 2024. Dkt. No. 1. Defendants failed to answer or appear to defend this action. Thereafter, plaintiff sought the entry of default against both defendants, Dkt. No. 8, which the Clerk of the Court certified and approved on June 28, 2024, Dkt. No. 10.

On September 24, 2024, plaintiff moved under Rule 55 of the Federal Rules of Civil Procedure for default judgment. Dkt. No. 15. Despite being

---

[1] U.S. Copyright Certificate of Registration No. PA 2-440-371. Ex. A, Dkt. No. 15-2.

served, Dkt. No. 16, defendants have failed to appear or respond. The time period in which to do so has expired. Accordingly, plaintiff's motion will be considered on the basis of the submissions without oral argument.

Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment against a defaulting party. FED. R. CIV. P. 55(a)–(b). The first step is to obtain an entry of default from the Clerk of the Court. FED. R. CIV. P. 55(a). The second step is to seek a default judgment, which must ordinarily be reviewed by the court unless the claim is for a sum certain. FED. R. CIV. P. 55(b)(1)–(2).

"[A] party's default is deemed an admission of all well pleaded allegations of liability." *Greyound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). But it is not an admission of damages. *Id.* And "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *LaBarbera v. ASTC Lab'ys Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010) (cleaned up).

If liability is established, the court must determine what, if any, amount of damages should be awarded. This involves two basic requirements: first, the court must ensure that there is "an adequate basis" for any damages sought; and second, the court must be able to ascertain the amount of the requested damages "with reasonable certainty." *Antoine v. Brooklyn Maids 26, Inc.*, 489

F. Supp. 3d 68, 90 (E.D.N.Y. 2020).  "A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits or documentary evidence."  *Id.* (cleaned up); *see also Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contr., Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

Upon review of plaintiff's evidentiary submissions, and based on the well-pleaded allegations in the complaint, the motion for default judgment will be granted for substantially the reasons set forth in plaintiff's memorandum of law.  *See* Dkt. No. 15-1.

Therefore, it is

ORDERED that

1.  Plaintiff's motion for a default judgment (Dkt. No. 15) is GRANTED as to Count I (47 U.S.C. § 605(a))[2] and Count III (17 U.S.C. § 504);

2.  Plaintiff SHALL RECOVER from defendant <u>Gregory Joseph</u> and defendant <u>Waverly Bowling Co. LLC</u>, JOINTLY AND SEVERALLY, as follows:

>  **(a)** Ten thousand dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

---

[2] Plaintiff asserted claims under § 605 (Count I) and § 553 (Count II).  Where, as here, the admitted facts establish that a defendant's conduct has violated *both* statutes, a plaintiff may only recover damages under one section or the other.  Plaintiff has elected to recover under § 605.

**(b)** Ten thousand dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) for the willful violation of 47 U.S.C. § 605(a);

**(c)** Ten thousand dollars ($10,000.00) pursuant to 17 U.S.C. § 504(c)(1);

**(d)** Twenty-five thousand dollars ($25,000.00) pursuant to 17 U.S.C. § 504(c)(2) for the willful violation of 17 U.S.C. § 501; and

**(e)** One thousand four hundred and sixty-seven dollars ($1,467.00) for the investigation, filing fee, and service fee pursuant to 17 U.S.C. § 505.

3. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in entering this default judgment; and

4. Plaintiff shall file a status report within thirty (30) days that includes a statement respecting whether (and if so, why) this civil action should remain on the Court's active docket.[3]

The Clerk of the Court is directed to enter a judgment and set a deadline accordingly.

IT IS SO ORDERED.

Dated: October 23, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge

---

[3] As noted *supra*, judgment has not been entered as to Count II based on plaintiff's election of remedy.