# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

## DEFAULT JUDGMENT IN A CIVIL CASE

**ZUFFA, LLC d/b/a Ultimate Fighting**
    Plaintiff,

vs.                              **CASE NUMBER: 3:24-cv-436 (DNH/ML)**

**Gregory Joseph, Individually, and as officer, director, Shareholder, Principal, manager and/or member of Waverly Bowling Co., LLC d/b/a Valley Bowling Center a/k/a/ Strike Shack Tiki Bar**

and

**Waverly Bowling Co., LLC d/b/a Valley Bowling Center a/k/a/ Strike Shack Tiki Bar**
    Defendants.

**Decision by Court.** This action came to a hearing before the Court. The issues have heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that Plaintiff's motion for a default judgment (Dkt. No. 15) is GRANTED as to Count I (47 U.S.C. § 605(a)) and Count III (17 U.S.C. § 504); (2). Plaintiff SHALL RECOVER from defendant Gregory Joseph and defendant Waverly Bowling Co. LLC, JOINTLY AND SEVERALLY, as follows: (a) Ten thousand dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (b) Ten thousand dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) for the willful violation of 47 U.S.C. § 605(a); (c) Ten thousand dollars ($10,000.00) pursuant to 17 U.S.C. § 504(c)(1); (d) Twenty-five thousand dollars ($25,000.00) pursuant to 17 U.S.C. § 504(c)(2) for the willful violation of 17 U.S.C. § 501; and (e) One thousand four hundred and sixty-seven dollars ($1,467.00) for the investigation, filing fee, and service fee pursuant to 17 U.S.C. § 505. (3). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in entering this default judgment; and (4). Plaintiff shall file a status report within thirty (30) days that includes a statement respecting whether (and if so, why) this civil action should remain on the Court's active docket.

All of the above pursuant to the order of the Honorable **David N. Hurd**, dated 10/23/2024.

DATED: October 23, 2024

*[Signature]*
Clerk of Court

s/ Matthew Gerace
Deputy Clerk

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.